141 F.3d 1184
 98 CJ C.A.R. 1589
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Haile HIRPA, individually and as the natural parent and
guardian of Duretti Hirpa, Matti Hirpa and Mitike
Haile Hirpa, minors, Plaintiff-Appellant,
v.
IHC HOSPITALS INC., dba Logan Regional Hospital; Merrill C.
Daines, M.D., Defendants-Appellee,
STATE of Utah, Defendant-Intervenor.
 No. 94-4363.
 United States Court of Appeals, Tenth Circuit.
 March 30, 1998.
 
 Before SEYMOUR, McKAY, and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 MONROE G. MCKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal has been abated pending the Utah Supreme Court's decision on the question we certified to that court concerning whether Utah's Good Samaritan Act applies to medical personnel responding to an in-hospital emergency. The court held "that doctors are protected by the Good Samaritan Act when they respond to an in-hospital emergency, if they have no preexisting duty to do so." Hirpa v. IHC Hosp., Inc., 948 P.2d 785, 790 (Utah 1997).
 
 
 3
 Upon receipt of the Utah Supreme Court's opinion, we asked the parties to file additional briefs addressing the issue of whether the defendant physician had a preexisting duty to provide care to the victim, Yeshi Wordoffa. The parties have submitted the requested briefs.
 
 The Utah Supreme Court declared that
 
 4
 Courts or juries deciding whether a duty existed in a particular case may consider whether the doctor was 'on call' or otherwise contractually obligated to respond, whether hospital rules required that the doctor respond, whether hospital rules required that the doctor respond, whether a doctor/patient relationship existed, whether employment by the hospital created a duty, or whether a duty was created by the practice or custom of the doctor responding to similar emergencies.
 
 
 5
 Id. After consideration of the briefs, the record, and supplemental briefs of the parties, we have determined that this case should be remanded to the district court to reevaluate in the first instance whether there is a fact question regarding the defendant physician's preexisting duty in light of the Utah Supreme Court's opinion. The district court should also determine whether supplemental discovery is appropriate given the Utah Supreme Court's articulation of the factors to be considered in determining the existence of a duty in relation to the Good Samaritan Act.
 
 
 6
 The judgment of the United States District Court for the District of Utah is VACATED, and the case is REMANDED for further proceedings.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3